[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #116
The plaintiff, Dimitrios Psomas, filed a two-count revised complaint against the defendant, DeRaffele Manufacturing. Co., Inc. on August 11, 1997. The plaintiff alleges that he and the defendant entered into an agreement whereby the defendant would pay the plaintiff $250,000, but that the defendant has not repaid the entire sum as agreed. The plaintiff alleges that the defendant breached the agreement by not paying the entire sum in the first count, and alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA) in the second count.[1]
The defendant filed a motion to strike on August 20, 1997, on the grounds that the second item of the prayer for relief under count one seeking attorney's fees should be striken, because the plaintiff has failed to allege entitlement to such an award. The defendant also moves to strike count two, on the ground that a single isolated incident has been alleged, which does not form the basis of a CUTPA claim. The plaintiff filed an objection to the motion to strike on September 5, 1997. The matter was heard by the court on December 1, 1997.
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
A. Award of Attorney's Fees
The defendant argues that attorney's fees may only be awarded where there is a statutory or contractual right to receive attorney's fees as damages. The defendant argues that the letter agreement upon which the plaintiff based his original cause of action contains no attorney's fees provision.[2] The defendant also argues that the plaintiff has failed to allege either a statutory or contractual right to attorney's fees. The plaintiff argues that the court has wide discretion to award attorney's fees, and may award attorney's fees here on an equitable basis.
"The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation CT Page 12774 are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) RizzoPool Co. v. Del Grosso, 240 Conn. 58, 72, 689 A.2d 1097 (1997). "Connecticut adheres to the American rule." Id., 72-73. "There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Citation omitted.) Id.
The court finds that the plaintiff is not entitled to attorney's fees under the first count of the revised complaint. The plaintiff has not pleaded a statutory right to attorney's fees, nor shown otherwise that he is statutorily entitled to receive attorney's fees. The plaintiff has alleged that a letter dated November 10, 1990 memorialized the alleged oral agreement, this letter is devoid of any mention of attorney's fees. (Complaint, December 17, 1996, Exhibit A). The plaintiff has alleged no facts indicating the parties discussed the payment of attorney's fees under the alleged 1993 oral agreement. Therefore, since the plaintiff cannot show that he is statutorily or contractually entitled to attorney's fees under the first count of the complaint, the defendant's motion to strike the claims for attorneys fees in the prayer for relief of the first count is granted, since a motion to strike a prayer for relief is properly granted where, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298
n. 4, 478 A.2d 257 (1984).
B. Count Two: CUTPA
"CUTPA is a remedial statute that is designed to protect consumers from unfair or deceptive trade practices, and must be construed liberally to further its purpose." Lester v. ResortCamplands International Inc., 27 Conn. App. 59, 70, 605 A.2d 550
(1992). "[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." Prishwalko v. Bob Thomas Ford,Inc., 33 Conn. App. 575, 585, 636 A.2d 1383 (1994). "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based."S.M.S. Textile Mills, Inc. v. Brown. Jacobson Tillinghast, Lahan King P.C., 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993).
The defendant argues that the plaintiff has failed to allege CT Page 12775 sufficient additional facts in count two of the revised complaint to set forth a cause of action under CUTPA. The defendant argues that the plaintiff has in essence merely realleged the breach of contract claim contained in the first count, and that a simple breach of contract claim does not amount to a cause of action under CUTPA. The defendant also argues that the plaintiff has failed to allege facts showing that the underlying transaction was a consumer transaction, rather than a private dispute between the parties, or unscrupulous or deceptive conduct on the part of the defendant. The defendant further argues that in order to satisfy the "general business practice" language of CUTPA, the plaintiff had to allege more than a single, isolated occurrence. The defendant argues that the plaintiff has made no allegations in this regard.
The plaintiff argues that he has alleged sufficient facts to bring a cause of action under CUTPA, because he has alleged that the defendant is a skilled and experienced business investor who induced the plaintiff to invest while protecting its own interests, and that the defendant failed to advise the plaintiff, to the plaintiff's detriment. The plaintiff argues that "it is clear that the defendant's conduct constitutes engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of CUTPA."
Viewing the allegations in the revised complaint in the light most favorable to the plaintiff, the defendant's motion to strike the second count of the complaint should be granted. The plaintiff has failed to allege any unfair or deceptive acts on behalf of the defendant, but has instead recited the legal conclusion "that the defendant is engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Connecticut General Statutes § 14-110b(a)." (Revised Complaint, Count Two, ¶ 26).[3] "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Therefore, the defendant's Motion to Strike the second count (CUPTA) of the plaintiff's complaint is granted.
SKOLNICK, J.