[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
On August 11, 1998, the defendants, George P. Manson and Patricia Zajac, filed a Motion to Strike (#101) Count Three in its entirety, paragraphs 4(b) and 4(c) of Count One, and the CT Page 10315 portion of the prayer for relief seeking attorney's fees. On August 31, 1998, the plaintiffs, John and Pauline Schlindrer, filed their Memorandum in Opposition to Motion to Strike (#105).
Count Three, which claims a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42a-110a, is devoid of any allegation that the conduct at issue occurred in the conduct of trade or business. Moreover, Count Three does allege a one time sale of a residence among private parties. In order "[t]o allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business. . . . CUTPA is not applicable to this type of one time sale by private parties. There is no evidence that the sale of residences was the defendants' trade or business. . . ." (Citations omitted; internal quotation marks omitted.) Boyce v. Canby, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153623 (February 27, 1998, Lewis, J.). Therefore, Count Three is legally insufficient and must be stricken.
Count One, paragraph 4(b),[1] claims that the plaintiffs have sustained "emotional distress resultant from the enforcement action taken against the Plaintiffs by the Town of East Haddam as a single result of the breach." Nevertheless, there are no allegations that the defendants "either intentionally subjected the [plaintiffs] to any sort of distress or unreasonably created a risk of distress or should reasonably have foreseen that it might result from any action on [their] part." Bertizzo v.McCarthy, 164 Conn. 463, 469-70, 323 A.2d 553 (1973). Even in its most favorable light, paragraph 4(b) of Count One is legally insufficient and must be stricken.
Additionally, the defendants have moved to strike both paragraph 4(c) of Count One and the portion of the prayer for relief that seeks attorney's fees. "The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) Rizzo Pool Co. v. Del Grosso,240 Conn. 58, 72, 689 A.2d 1097 (1997)
Count One is a breach of contract claim that does not seek attorney's fees pursuant to a particular contractual provision. As such, paragraph 4(c) of Count One is legally insufficient and must be stricken. Additionally, since Count Three has been CT Page 10316 ordered stricken herein, there is no legal basis remaining for an award of attorney's fees as against these defendants. Therefore, the claim for attorney's fees in the prayer for relief is legally insufficient and must also be stricken.
Accordingly, for the foregoing reasons, the Motion to Strike (#101) Count Three, paragraphs 4(b) and 4(c) of Count One and the claim for attorney's fees in the prayer for relief is hereby ordered granted.
It is so ordered.
BY THE COURT:
ARENA, J.