[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION
The Plaintiff brings this appeal from a decision of the Employee Review Board ("ERB") which dismissed his grievance for lack of jurisdiction. The plaintiff is employed as a Tax Attorney II by the State of Connecticut Department of Revenue Services. In a performance evaluation for the year ending June 30, 1997, the plaintiff received a "needs improvement" composite rating. As a result of that evaluation he received a 1 1/2% lump sum payment. If he had been evaluated, "Meets all Expectations" his lump sum payment would have been 3% of his salary which is at the maximum level for his position.
The plaintiff initiated a grievance pursuant to General Statutes § 5-202 on the merits of his evaluation. The grievance was denied at the preliminary review steps. It reached the ERB on March 2, 1998 at which time the State moved to dismiss the grievance for lack of subject matter jurisdiction. On June 17, 1998, the ERB dismissed the grievance for lack of subject matter jurisdiction. The plaintiff appealed to this court on July 10, 1998. The record was submitted on October 13, 1998 and the parties have briefed the issues. The parties waived oral argument and on January 8, 1999 submitted the case on the record and briefs. The court finds the issues for the defendants and dismisses the appeal.
The case involves the application of the express language of § 5-202 which provides in pertinent part:
 (a) Any employee who is not included in any collective bargaining unit of state employees and who has achieved a permanent appointment . . . may appeal to the Employees' Review Board if he or she receives an unsatisfactory performance evaluation. . . .
The record establishes that managerial employees receive evaluations which contain four possible composite ratings: (1) "Exceeds Expectations;" (2) "Meets all Expectations; (3) "Needs CT Page 1022 Improvement; and (4) "Unsatisfactory." (Return of Record ("ROR"), p. 88.)
"It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation. . . . When the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Brackets omitted: citations omitted: internal quotation marks omitted.) Rizzo Pool Co. v. DelGrosso, 240 Conn. 58, 73-74 (1997).
The plaintiff argues that he has other claims of a constitutional nature, but it is clear that the vehicle of a ERB appeal under § 5-202 is limited. See State v. StateEmployees' Review Board, 239 Conn. 638 (1997).
The plaintiff did not receive an "unsatisfactory performance evaluation" and thus, the ERB has no jurisdiction to review his evaluation.
The ERB decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.