[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants' Motion for Summary Judgment is granted. The plaintiffs in this case, Marvin Leventhal, Richard LoRicco, Vincent Celentano, and Lawrence Levy, seek to evict all of the residents of the Oaks Condominium complex from the land underneath their condominium.
Connecticut General Statutes § 47a-23 does not provide for eviction from land underneath an existing structure except for "land upon which a trailer is used or stands." "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." Rizzo Pool Co. v. DelGrosso. 240 Conn. 58, 76, n. 18 (1997), quoting from Ciarelli v. Commercial Union Ins. Cos.,234 Conn. 807, 812 (1995).
To allow the plaintiffs to prevail in their summary process action would be neither reasonable nor rational. The plaintiffs would be powerless to enforce their judgment against the CT Page 7700 defendants in this case since the defendants own the units that sit on the land.
Furthermore, Connecticut General Statutes § 47-244 (a)(2) and § 5 of the Ground Lease, Payment of Rent and Expenses, p. 10, provide that payments of assessments for common charges are to be made to the condominium association. There is no dispute that the unit owners have complied with the terms of the statute and the lease and have made the required payments to the association. The plaintiffs' claim is that the condominium association did not forward payments to them. Their cause of action, therefore, is against the condominium association and not against the individual owners. See Connecticut General Statutes § 47-253 (b).
The plaintiffs are not without remedy for the alleged nonpayment. Indeed, they are availing themselves of that remedy by suing the condominium association in CV 94-0366297S and CV 94-0354302, both entitled Vincent Celentano et al v. The OaksCondominium Association et al.
In light of the Court's ruling, above, there is no need to address the remaining arguments of the parties.
The defendants' Motion for Summary Judgment is granted.
BY THE COURT
Leavitt, J.