[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR ORDER OF CONTEMPT
The plaintiff, The Cadle Company (Cadle), seeks an order finding Janice Rosenthal and Katherine Schwartz, the spouses of the defendants, in contempt for violating a November 8, 2000 court order and for subsequently refusing to be deposed. For the reasons set forth below, the contempt motion is granted in part and denied in part.
 PROCEDURAL BACKGROUND AND FACTS
On January 19, 1999, the court, Dranginis, J., entered a stipulated judgment holding the defendants Mark Schwartz and Howard Rosenthal jointly and severally liable to Cadle in the amount of $329,158.88. Subsequently, Cadle served each of the deponents, Janice Rosenthal and Katherine Schwartz, with a subpoena duces tecum and a notice of deposition. In response, the deponents timely filed a motion for protective order along with an objection to the notice of deposition and request for production. They contended that the depositions should not go forward, that the subpoenas and deposition notices should be quashed, and that if the depositions go forward the scope of discovery should be limited. CT Page 1404
In response, Cadle timely filed an objection to the motion for protective order accompanied by a reply to the deponents' objection to notice of deposition and request for production. The deponents responded with a memorandum and attached a copy of the original subpoena duces tecum directed to Katherine Schwartz, containing ten requests for production.
Cadle responded with a surreply to the motion for protective order and an objection to notice of deposition and request for production. In its surreply, Cadle argued that its requests for production were narrowly drawn to seek information concerning "[t]he financial interrelationships between the proposed deponents and their judgment debtor spouses." (See Plaintiff's Surreply, p. 3.)
On November 8, 2000, the court, Gaffney, J.T.R., denied the deponent's motion for protective order and overruled the deponents' objection to notice of deposition and request for production. Thereafter, Cadle served re-notices of deposition on the deponents, accompanied by the same ten requests for production contained in the previous subpoenas duces tecum. Copies of the re-notices of deposition were presented to the court as exhibits at the hearing held concerning the contempt motion on January 2, 2001.
The deponents' counsel responded to the re-notices in a letter to Cadle's counsel, dated December 7, 2000. In the letter, the deponents advised Cadle of their intent to appeal Judge Gaffney's orders. (See Motion For Order of Contempt [contempt motion], December 12, 2000, Exhibit A.) However, citing Presidential Capital Corp. v. Reale,240 Conn. 623, 692 A.2d 794 (1997), the deponents conceded that the orders are not immediately appealable because they did not constitute a final decision. (See Contempt Motion, Exhibit A.) They further advised Cadle of their "intention not to appear at the Re-Notices of Deposition and allow [Cadle] to seek whatever remedy [Cadle deems] appropriate." (See Contempt Motion, Exhibit A.) They also stated they would seek a "deminimis sanction" pending their appeal, and in the event that their planned appeal is unsuccessful, they advised Cadle of their "intention to have both Janice Rosenthal and Katherine Schwartz appear at a re-noticed deposition, if requested." (See Contempt Motion, Exhibit A.)
The contempt motion ensued. Cadle seeks an order finding the deponents in contempt for their willful violation of Judge Gaffney's order and their defiance of the subpoenas duces tecum. Cadle asks the court to punish the deponents by fine and/or imprisonment. In addition, Cadle seeks an order compelling the deponents to comply with the subpoenas and submit to depositions upon oral examination and produce documents thereat. Finally, Cadle seeks an award of attorney's fees of $500.00 and fees of CT Page 1405 the officer serving the contempt citation, pursuant to General Statutes § 52-256b.
 DISCUSSION
"An order issued upon a motion for discovery is ordinarily not appealable because it does not constitute a final judgment, at least in civil actions." (Internal quotation marks omitted.) Green Rock Ridge,Inc. v. Kobernat, 250 Conn. 488, 498, 736 A.2d 851 (1999). "[W]e require that those ordered to comply with discovery be found in contempt of court before we consider an appeal." (Internal quotation marks omitted.) Id. "[O]ur case law firmly establishes that a witness in a trial court discovery proceeding is not entitled to immediate appellate review of a trial court's denial of a motion for a protective order." PresidentialCapital Corp. v. Reale, supra, 240 Conn. 628.
Individuals have a duty to obey a court order, regardless of whether they believe it to be erroneous. "The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses his obedience, does so at his peril." United States v. United Mine Workers, 330 U.S. 258, 303,67 S.Ct. 677,91 L.Ed. 884 (1947); Cologne v. Westfarms Associates, 197 Conn. 141,147, 496 A.2d 476 (1985). "[R]espect for judicial process is a small price to pay for the civilizing hand of law, which alone can give abiding meaning to constitutional freedom." (Internal quotation marks omitted.)Cologne v. Westfarms Associates, supra, 197 Conn. 148. "[T]here is no privilege to disobey a court's order because the alleged contemnor believes that it is invalid." Id.
As our Supreme Court has stated, "a criminal contempt is conduct that is directed against the dignity and authority of the court. In contrast, civil contempt is conduct directed against the rights of the opposing party. A contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent against the public." (Internal quotation marks omitted.) DeMartino v. Monroe Little League, Inc., 192 Conn. 271, 278,471 A.2d 638 (1984). "[T]he absence of wilfulness does not relieve from civil contempt. . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act." (Internal quotation marks omitted.) Id., 279.
If the allegedly contemptuous conduct occurred outside of the court's presence, "the court can only act upon evidence properly taken that proves the act of contempt." Cologne v. Westfarms Associates, supra,197 Conn. 152. Here, as stated above, the parties filed an extensive set CT Page 1406 of pleadings, after which Judge Gaffney denied the deponents' motion for a protective order. Shortly thereafter, Cadle served the deponents with the re-notices of deposition which are the subject of the instant motion. The re-notices contain the same requests for production as the original notices. The deponents responded to the re-notices by advising Cadle that they would challenge the court's decision and that Cadle should seek relief from the court. The deponents were then notified of Cadle's motion seeking a contempt finding. At the hearing on the motion Cadle and the deponents were represented by counsel and had the opportunity to present evidence. The deponents' counsel asked for a "pro forma" finding of contempt so they may appeal Judge Gaffney's orders. Under these circumstances, the evidence is clear and convincing that the deponents wilfully violated the court's previous orders concerning their obligation to comply with the subpoenas duces tecum. Accordingly, the court finds them to be in contempt.
"The penalties which may be imposed . . . arise from the inherent power of the court to coerce compliance with its orders. In Connecticut, the court has the authority in civil contempt to impose on the contemnor either incarceration or a fine or both." Papa v. New Haven Federation ofTeachers, 186 Conn. 725, 737-38, 444 A.2d 196 (1982). "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." (Internal quotation marks omitted.) DeMartino v. MonroeLittle League, Inc., supra, 192 Conn. 278-279. "Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of complainant's actual loss." Id.
Cadle has presented no evidence that it suffered any actual loss. Accordingly, the court denies the request for the imposition of a fine upon the deponents. Additionally, Cadle has provided no authority for the proposition that incarceration is warranted in this type of situation. Accordingly, the request for incarceration is denied.
Section 52-256b(a) provides that "[w]hen any person is found in contempt of any order or judgment of the Superior Court, the court may award to the petitioner a reasonable attorney's fee and the fees of the officer serving the contempt citation, such sums to be paid by the person found in contempt." "[T]he amount of attorney's fees to be awarded rests in the sound discretion of the trial court." Rizzo Pool Co. v. DelGrosso, 240 Conn. 58, 77-78, 689 A.2d 1097 (1997). Cadle has requested an award of $500.00 for attorney's fees. In connection with these proceedings, Cadle's counsel prepared the contempt motion and appeared before the court at the hearing. Under the circumstances, the requested attorney's fee is reasonable. The deponents are ordered, jointly and CT Page 1407 severally, to pay to Cadle the sum of $500.00, representing attorney's fees incurred as part of the contempt proceedings.
Since the deponents have appeared by counsel in this matter, they will receive notification of the court's finding that they are in contempt through the ordinary notification process provided by the clerk. Accordingly, there is no need for an officer to serve a contempt citation or to incur fees related to such service. Finally, the court's prior orders remain in effect. As a consequence, the deponents are obligated to comply with the subpoenas duces tecum, to submit to depositions, and to produce the previously requested documents thereat.
 CONCLUSION
For the reasons stated above, the contempt motion is granted in part and denied in part, as specified above. It is so ordered.
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT