[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9245
On June 14, 2000, the plaintiff, Gloria D. Hall, executrix of the estate of Mildred Dichello, filed a one-count complaint against the defendants, John A. Errichetti and Errichetti Development Group, Inc. (Errichetti Development).[1] In the complaint, the plaintiff alleges that the defendants are general partners in Exchange Associates Limited Partnership (Exchange Associates) and that she is the successor in interest to Dichello as a limited partner in Exchange Associates. The plaintiff further alleges that on April 17, 1986, Exchange Associates leased two condominium units to Connecticut National Bank, now Fleet Bank, for a period of ten years. The plaintiff alleges that on the same date, Exchange Associates obtained a mortgage from Colonial Bank in the amount of $1.7 million dollars secured by the two condominium units. The plaintiff alleges that the defendants, as the general partners of Exchange Associates, received rent due to the partnership and were required to make payments on the mortgage, taxes, insurance and other costs and charges associated with the maintenance and operation of the property. The plaintiff alleges that between February 1, 1996 and June 14, 1996, no payments were made on the note. As a result, Bank of Boston Connecticut, the successor to Colonial Bank, exercised its option to declare the entire balance of the note due and payable by sending a notice of default and acceleration on May 8, 1996. The plaintiff further alleges that on April 30, 1996, the city of Waterbury placed liens upon the condominium units as a result of the defendants' failure to pay municipal real property taxes. It is also alleged that on August 16, 1999, the Superior Court, by a decree of foreclosure, ordered the mortgage be foreclosed and scheduled the redemption date for March 1, 2000.
The plaintiff alleges that the defendants' actions constitute waste and mismanagement resulting in a breach of fiduciary duty to the plaintiff. In her prayer for relief, the plaintiff seeks: 1) the removal of the defendants as general partners for bad faith conduct and malfeasance; 2) a declaration by the court ordering the defendants to forfeit their interest as general partners; 3) money damages in accordance with the damages suffered by the partnership and the plaintiff as a result of the defendants' actions; 4) compensatory damages based upon the defendants' bad faith conduct and malfeasance; 5) punitive damages; and 6) attorney's fees. CT Page 9246
On January 16, 2001, the defendant, Errichetti Development Group, filed a motion to strike paragraphs one, two and six of the plaintiff's prayer for relief.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any . . . complaint that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. The role of the court is to "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998) . "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000) . "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Id., 588. "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, supra, 244 Conn. 325.
In its motion to strike, Errichetti Development argues that paragraphs one, two and six of the plaintiff's prayer for relief are not supported by the allegations set forth in the complaint. Specifically, Errichetti Development argues that the court should strike paragraphs one and two of the plaintiff's prayer for relief because pursuant to General Statutes § 34-28 (3), a general partner may be removed only in accordance with the partnership agreement. Errichetti Development argues that because the plaintiff has failed to allege that the partnership agreement authorizes the court to remove a general partner or to order a general partner to forfeit its interest in the partnership, such remedies may not be legally awarded. In response, the plaintiff argues that the limited partnership agreement, dated December 30, 1985, provides for the removal and forfeiture of interest of a general partner in situations where that general partner has engaged in bad faith conduct or malfeasance. Alternatively, the plaintiff argues that the court has the statutory authority to remove a general partner pursuant to §§ 34-37 and 52-1.
The motion to strike does not challenge the legal sufficiency of the CT Page 9247 complaint itself, but rather it challenges the legal sufficiency of the plaintiff's prayer for relief. The dispositive issue in this case, therefore, is whether the plaintiff is required to allege that the limited partnership agreement provides for the removal of the general partners and the forfeiture of their interest in the partnership for the purpose of sustaining the legal sufficiency of the relevant prayers for relief.
It is well established that "[i]n deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liliedahl Bros., Inc. v. Gricisby, 215 Conn. 345, 348, 576 A.2d 149
(1990) . In her opposition to the motion to strike, the plaintiff provides the court with the language of the limited partnership agreement that provides for the removal of the general partners where such partners have engaged in bad faith conduct or malfeasance. The court, however, may not consider such facts outside of the complaint when deciding a motion to strike. Accordingly, because the plaintiff has failed to allege in her complaint that the removal of the general partners and the forfeiture of their assets in the partnership are proper remedies pursuant to the limited partnership agreement, such prayers for relief may not be legally awarded.
The plaintiff alternatively argues that even if the limited partnership agreement fails to provide for the removal of the general partners, § 34-37 provides a statutory basis for such removal. Section 34-37
provides that "[i]n any case not provided for in this chapter or sections34-300 to 34-434, inclusive, the rules of law and equity, including the law merchant, shall govern." The plaintiff argues that because § 34-37
provides the court with general equity powers under the Connecticut Uniform Limited Partnership Act (CULPA), the court can order the removal of the defendants as general partners for breach of a fiduciary duty. The plaintiff's argument, however, lacks merit because § 34-28 (3) specifically provides that a general partner is removed as a general partner in accordance with the partnership agreement." Thus, because the removal of a partner is provided for in § 34-28 (3), the general equity powers provided to the court under § 34-37 are not applicable in this case.
Based on the foregoing, the motion to strike paragraphs one and two of the plaintiff's prayer for relief is granted.
With respect to paragraph six of the plaintiff's prayer for relief, Errichetti Development argues that because the plaintiff has failed to allege any statutory or contractual basis for attorney's fees, such a CT Page 9248 remedy may not be legally awarded. The plaintiff argues that she is entitled to attorney's fees where the opposing party acts in bad faith.
"The general rule of law known as the American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . Connecticut adheres to the American rule." (Citations omitted; internal quotation marks omitted.) Rizzo Pool Co. v. Del Grosso, 240 Conn. 58,72-73, 689 A.2d 1097 (1997) . Plaintiff attempts to rely on language contained in CFM of Connecticut, Inc. v. Chowdhury, 239 Conn. 375, 394
(1996), which provides "[The American rule] does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess the attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. . . . This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation. . . . It applies both to the party and his counsel. . . Moreover, the trial court must make a specific finding as to whether counsel's [or a party's] conduct . . . constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers to impose attorney's fees for engaging in bad faith litigation practices." (Citations omitted; internal quotation marks omitted.) CFM of Connecticut, Inc. v. Chowdhury,239 Conn. 375, 394, 685 A.2d 1108 (1996)
The Chowdhury case specifically addressed the issue of a court's inherent authority to impose sanctions of attorneys fees against counsel and/or a party for engaging in bad faith practices during the course of the litigation. It therefore has no relevance to the present case where plaintiff is seeking attorneys fees based on the alleged facts that gave rise to the causes of action contained in the complaint. Because plaintiff has failed to allege any contractual or statutory exception to the American Rule, the motion to strike the prayer for relief for attorneys fees is also granted.
CHASE T. ROGERS, J.