[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Bridgette Jennings, filed a two count complaint against the defendants, Luis Vega (Vega) and The Tim Romano Co., Inc., (Romano) seeking damages for personal injuries she allegedly sustained in an automobile accident. According to the complaint, at all relevant times Vega was the driver of a vehicle owned by Romano and operated by Vega in the course of his employment with Romano. In the first count of the complaint, the plaintiff alleges a cause of action for negligence, and in the second count of the complaint, the plaintiff incorporates allegations contained in the first count, and further alleges that Vega operated a motor vehicle recklessly, in violation of General Statutes §14-222.[1] Although not specifically pleaded in the second count, the CT Page 14443 plaintiff appears to be alleging a cause of action under General Statutes § 14-295.[2] The plaintiff's prayer for relief includes monetary damages and interest, punitive damages, double or treble damages pursuant to § 14-295, and costs and attorney's fees.
The plaintiff alleges the following facts. On August 2, 1997, the plaintiff was the driver of a vehicle that was stopped in traffic in Norwalk, Connecticut, with two vehicles stopped behind her. A vehicle driven by Vega struck the second vehicle stopped behind the plaintiff's vehicle. The force of the collision propelled the second vehicle into the vehicle immediately behind the plaintiff's vehicle, which in turn was propelled into the rear of the plaintiff's vehicle, causing the plaintiff to sustain damages, injuries and losses.
On September 20, 1999, Vega and Romano filed a motion to strike the second count of the plaintiff's complaint and various portions of the plaintiff sprayer for relief. Specifically, the motion; to strike is directed towards (1) the second count of the plaintiff's complaint, on the ground that it fails to allege a cause of action for recklessness with sufficient specificity; (2) the plaintiff's prayer for double or treble damages, on the ground that the allegations of the complaint fail to meet the requirements of General Statutes § 14-295; (3) with respect to Romano, the plaintiff's prayer for double or treble damages, on the ground that there is no vicarious liability to an employer or owner of a motor vehicle under § 14-295; (4) with respect to Romano, the plaintiff's prayer for punitive damages, on the ground that there is no vicarious liability for punitive damages to an employer or owner of a motor vehicle under the common law; and (5) the plaintiff's prayer for attorney's fees, on the ground that such relief is not available in Connecticut in the absence of an allegation of a contractual or statutory basis.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). CT Page 14444
The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." PamelaB. v. Ment, supra, 244 Conn. 308.
In addition, a party may use a motion to strike to attack the legal sufficiency of a prayer for relief. Practice Book § 10-39(a)(2). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Pamela B. v. Ment, supra, 244 Conn. 325.
Vega and Romano argue that the facts alleged in the second count of the complaint are insufficient to support either a common law or statutory recklessness claim, because the second count merely reiterates the allegations of negligence contained in the first count and adds the word "recklessness." They further argue that the alleged violation of §14-222 (reckless driving) is insufficiently specific to support a claim for statutory recklessness which could entitle the plaintiff to recover double or treble damages under § 14-295.
In opposition, the plaintiff argues that count two sufficiently alleges a claim of recklessness based on the alleged violation of § 14-222
and on other distinct allegations appearing solely in count two. Therefore, the plaintiff argues that count two is in conformity with the pleading requirements for an award of double or treble damages under § 14-295.
"The fact that the recklessness count relies on the same factual allegations as the negligence claim does not, in and of itself; provide [the defendants] with the basis for a motion to strike." Ouellette v.Hartford Insurance Co., Superior Court, judicial district of New Britain at New Britain, Docket No. 496991 (April 12, 2000, Kockay, J.). While the courts require distinct pleading for each cause of action, it has been recognized that "the most basic underlying facts will be the same throughout each count [of negligence and recklessness] since both counts are founded upon the same fundamental set of facts." Aekins-Islam v.White Plains Bus Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 154275 (September 22, 1998,D'Andrea, J.). "[I]f the alleged facts constitute recklessness . . . using the same facts in the negligence count does not prevent them from also being reckless." Walters v. Turrisi, Superior Court, judicial district of New London at New London, Docket No. 541162 (Apr. 15, 1997,Hurley, J.). "The mere fact that the allegations and factual assertions CT Page 14445 in a reckless count are the same or similar to one in a negligence count shouldn't ipso facto mean the reckless count cannot be brought. The test is whether the facts alleged establish a reckless count. If they do all it would mean is that the plaintiff is pleading in the alternative."Cancisco v. City of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519929 (June 26, 1995,Corradino, J.).
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). Recklessness requires a "conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988). Reckless conduct is highly unreasonable conduct, involving an extreme departure from ordinary care, where a high degree of danger is apparent. Dubay v.Irish, supra, 207 Conn. 533.
The appellate courts have not indicated what facts a plaintiff must plead in order to establish a cause of action pursuant to General Statutes § 14-295, and there is a split of authority in the Superior Court on this issue. The first line of Superior Court cases requires a plaintiff to plead specific facts to support a claim of recklessness at common law in addition to alleging a violation of one of the enumerated statutes in § 14-295. See, e.g., Pitka v. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 16, 1994, Austin, J.) (13 Conn.L.Rptr. 32) (simple allegation that defendant deliberately or recklessly violated certain motor vehicle statutes is insufficient to support claim under § 14-295); Lezottev. Hanover Ins. Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.) (8 Conn. L. Rptr. 199, 200) (same); Gaudet v. Ziobran, Superior Court, judicial district of Middlesex at Middletown, Docket No. 061126 (June 10, 1992,Austin, J.) (6 Conn.L.Rptr. 862) (same).
The second line of cases holds that a plaintiff must only allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries. See, e.g.,Nelson-Hlebogiannis v. Lee, Superior Court, judicial district of CT Page 14446 Stamford-Norwalk at Stamford, Docket No. 167571 (May 17, 1999, Hiller,J.); Mascia v. Brewer, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149293 (January 6, 1997,D'Andrea, J.); Price v. Paccar Leasing Corp., Superior Court, judicial district of New London at New London, Docket No. 538888 (February 19, 1997, Booth, J.); St. George v. Connecticut Car Rental Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554923 (February 27, 1996, Spada, J.).
In the second count, the plaintiff incorporates the following allegations: Vega operated the vehicle owned by Romano at an unreasonable rate of speed; failed to keep the vehicle under control; failed to keep a proper lookout for other vehicles; failed to apply the brakes; and failed to turn the vehicle to the left or to the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so. Additionally, the plaintiff alleges in the second count, solely in support of her recklessness claim, that "[s]aid collision, and the plaintiff's resulting injuries, damages and losses [were] caused by the recklessness of . . . Vega, . . . in that he: . . . operated the motor vehicle which he was driving recklessly having due regard to the traffic, weather, width and use of the highway and intersection of the street, in violation of Connecticut General Statutes § 14-222." (Complaint ¶ 19.a.). The plaintiff further pleads that the recklessness of Vega was a substantial factor in causing the injuries sustained by the plaintiff and that Vega knew of the risk of harm and serious danger that would necessarily arise from his conduct.
When construed in the manner most favorably to the plaintiff; the plaintiff has alleged facts sufficient to state a cause of action for recklessness, separate and distinct from the plaintiff's negligence claim. Should such allegations be proven, a finder of fact could reasonably and legally conclude that Vega's conduct was highly unreasonable, involving an extreme departure from ordinary care, where a high degree of danger was apparent. Moreover, by alleging that Vega and Romano's acts, alleged in count one as negligence, were reckless in count two, the plaintiff has increased her burden of proof. See Price v. PaccarLeasing Corp., supra, Superior Court, Docket No. 538888. Accordingly, the plaintiff has pled an alternative cause of action sounding in recklessness, separate and distinct from the negligence count.
Additionally, the plaintiff's allegations sufficiently set forth a claim for double or treble damages under § 14-295, even under the line of cases requiring the plaintiff to plead specifically facts demonstrating reckless conduct on the part of the defendants. SeeCastillo v. Caporani, Superior Court, judicial district of Fairfield at CT Page 14447 Bridgeport, Docket No. 329702 (April 12, 1996 Pickett, J.) (allegation that defendant deliberately or with reckless disregard operated vehicle "at an unreasonable, improper and excessive rate of speed" in violation of statute enumerated in § 14-295 was sufficient to state "a cause of action under § 14-295 even under the superior court cases demanding greater specificity in pleading."); see also Belon v. Bria, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150216 (March 7, 1997, D'Andrea, J.). Therefore, the motion to strike the second count of the plaintiff's complaint is denied. Consequently, because the allegations of the complaint meet the requirements of §14-295, the motion to strike the portion of the plaintiff's prayer for relief seeking double or treble damages under § 14-295 is also denied.
Romano next moves to strike the plaintiff's prayers for double or treble damages, and for punitive damages. Romano argues that section § 14-295 of the General Statutes does not impose liability for double or treble damages against an employer based entirely upon vicarious liability, and, that an employer may not be held vicariously liable for punitive damages under Connecticut common law.
The plaintiff has alleged that Vega operated the vehicle owned by Romano as the agent or employee of Romano, thereby implicating General Statutes § 52-183,[3] which establishes a presumption that a vehicle operator acts as the vehicle owner's agent.[4] The plaintiff argues that an employer can be held vicariously liable for the reckless operation of a vehicle by an employee who operates the vehicle in the course of his employment. Therefore, the plaintiff concludes that Romano may be held vicariously liable for double or treble or punitive damages under § 14-295.
An employer may not be held vicariously liable for punitive or exemplary damages under Connecticut common law. See Gionfriddo v. Rent ACar Systems, Inc., 192 Conn. 280, 288-89, 472 A.2d 306, rev'd on other grounds, 192 Conn. 301, 472 A.2d 306 (1984). "Under Connecticut common law, the terms `exemplary damages' and `punitive damages' are interchangeable labels for damages awarded under certain circumstances to compensate a plaintiff for his expenses of litigation. . . . It is well settled, however, that statutory multiple damages awarded pursuant to [§] 14-295, while serving a similar punitive purpose . . . are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases." (Citations omitted.) Caulfieldv. Amica Mutual Ins. Co., 31 Conn. App. 781, 786 n. 3, 627 A.2d 466, cert. denied, 227 Conn. 913, 632 A.2d 688 (1993). See also Alaimo v.Rover, 188 Conn. 36, 43, 448 A.2d 207 (1992) (trial court's equation of exemplary and statutory damages improper). CT Page 14448
The Supreme Court has approved the application of § 14-295 to any person renting or leasing out rental vehicles because, pursuant to §14-154a, such person is subjected to liability for damages caused by the operator "to the same extent as the operator would have been liable if he had also been the owner." See Gionfriddo v. Rent A Car Systems, Inc., supra, 192 Conn. 287. Here, however, the plaintiff does not allege that Romano leased or rented a vehicle to its employee.
There is a split of authority in the Superior Court on the issue of imposing vicarious liability for double or treble damages upon an employer whose agent has caused an accident in violation of the statutes listed in § 14-295.[5] Several well-reasoned decisions, however, have declined to strike such claims.[6] In the cases allowing claims for double or treble damages, the courts have determined either that the language of § 52-183 raises a presumption that the owner is liable for the reckless operation of the vehicle by its operator,[7] or that the court's interpretation of the liability of lessors under General Statutes § 15-154a in Gionfriddo v. Avis Rent A Car System, Inc., supra, 192 Conn. 288-89, is analogous to situations involving the liability of owners of motor vehicles. See Bonitto v. Oppel, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156855 (July 14, 1997, Karazin, J.) (20 Conn.L.Rptr. 202, 203) (allowing claims for double or treble damages under § 14-295 "against the owner of a motor vehicle or the operator's employer whenever such damages are properly assessed against the operator").
In the second line of cases, when such claims have not been permitted, the courts have distinguished Gionfriddo in that the language in §14-154a specifically imposes liability on the lessor "to the same extent as the operator," while §§ 14-295 and 52-183 do not contain such language. See, e.g. Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey,J.T.R.) (granting motion to strike plaintiff's claim against employer for punitive damages pursuant to §§ 14-295 and 52-183).
In Gionfriddo v. Avis Rent A Car System, Inc., supra, 192 Conn. 284-90, the court held that because § 14-154a makes the owners and lessors of a motor vehicle liable "to the same extent as the operator," the owner-lessor can be held liable for treble damages under § 14-295
"whenever treble damages are properly assessed against the operator." In reaching its decision, the court stated that "[t]he legislature has determined that the owner or the lessor of a motor vehicle shall be liable `to the same extent as the operator . . .'" Id., 287. In addition, the court noted that "§ 14-154a covers both owners and lessors. We have been able to discern no reason of policy . . . to CT Page 14449 distinguish between the liability of owners and lessors." Id., 288 n. 4.
Relying in part on the above language in Gionfriddo, the court inBonitto v. Oppel, supra, 20 Conn.L.Rptr. 203, concluded that the owner of a motor vehicle driven by an employee can be held liable under §14-295 for double or treble damages arising out of an accident caused by the employee. In addition, the court noted that § 52-183 raises the presumption of such owner's liability for reckless operation. Id. The court stated that "the defendants, as the owner of the vehicle and the operator's employer, may be held liable under § 14-295 for double or treble damages arising out of an accident caused by the operator/employee. A fortiori, if it is not unfair to apply § 14-295
to owner-lessors, it is not unfair to apply the statute to the defendant-owner here." (Internal quotation marks omitted.) Id. The defendant employer's motion to strike the plaintiff's claim for double or treble damages was therefore, denied. Id.
This court finds that the better reasoned approach is to allow claims for double or treble damages under § 14-295 against the owner of a motor vehicle or the operator's employer whenever such damages are properly assessed against the operator. Therefore, in the present case, Romano, as the owner of the vehicle and the operator's employer, may be held liable under § 14-295 for double or treble damages arising out of an accident caused by the operator/employee. Accordingly, Romano's motion to strike the plaintiff's claims for double or treble damages is denied.
Romano's motion to strike the portion of the plaintiff's prayer for relief seeking punitive damages, however, is granted as to Romano, because an employer may not be held vicariously liable for punitive or exemplary damages under Connecticut common law. See Gionfriddo v. Rent ACar Systems, Inc., supra, 192 Conn. 288-89.
Finally, Vega and Romano move to strike the claim for attorney's fees on the ground that in the absence of an alleged contractual or statutory basis, such relief is not available in Connecticut. The plaintiff does not contest the motion to strike her claim for attorney's fees.[8]
"The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule." (Citations omitted.)Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 72-73, 689 A.2d 1097 (1997).
The plaintiff neither alleges nor argues that any contractual or CT Page 14450 statutory exception enables her recovery of attorney's fees, and no such exception may reasonably be inferred. Accordingly, Vega's and Romano's motion to strike the plaintiff's prayer for attorney's fees is granted.
In summary, the defendants' motion to strike the second count, and the corresponding prayer for double or treble damages is denied; Romano's motion to strike the prayer for double or treble damages is denied; the motion to strike the prayer for punitive damages is granted as to defendant Romano; and the defendants' motion to strike the prayer for attorney's fees is granted.
So Ordered.
D'ANDREA, J.