[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Susan Bell (Bell) and John Pace (Pace), filed a seven count amended complaint[1] (complaint) against the defendant, Thorn W. Harrow (Harrow),[2] seeking damages for injuries allegedly sustained in an automobile accident. According to the complaint, at all relevant times Harrow was the driver of a vehicle owned by Chase Manhattan Automotive Finance (Chase). Harrow operated the motor vehicle within the scope of the express and/or implied permission of Chase. In the first count of the complaint, the plaintiffs allege a cause of action' for negligence, and in the second count they incorporate allegations contained in the first count, and further allege that Harrow operated a motor vehicle deliberately or with reckless disregard for the rights of others. Although not specifically pleaded in the second count, the plaintiffs appear to be alleging a cause of action under General Statutes §14-295.[3] The plaintiffs' prayer for relief includes monetary damages, punitive damages under the common law for recklessness and damages pursuant to § 14-295 and any other further relief which may appertain.
The plaintiffs allege the following basic facts. On or about October 29, 1996, Bell was the operator of a motor vehicle that was stopped on a public highway in New Canaan, Connecticut at the direction of a construction site flag man. The motor vehicle driven by Harrow struck Bell's vehicle from behind. As a result of the collision, Bell suffered injuries and damages.
On December 7, 1998, Harrow filed a motion to strike the second count of the complaint[4] on the ground that it fails to allege facts sufficient to support a claim of common law or statutory recklessness and thus fails to come within the purview of General Statutes § 14-295. On August 13, 2001, Harrow's motion to strike and memorandum in support thereof was received by this court, and on that same date, the plaintiffs submitted a memorandum in opposition thereto.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the CT Page 15778 plaintiff." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." PamelaB. v. Ment, supra, 244 Conn. 308. In addition, a party may use a motion to strike to attack the legal sufficiency of a prayer for relief. Practice Book § 10-39(a)(2). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Pamela B. v.Ment, supra, 244 Conn. 325.
Harrow argues that the facts alleged in the second count of the complaint are insufficient to support either a common law or statutory recklessness claim, because the second count merely reiterates the allegations from the first count, save two paragraphs, and states legal conclusions that the defendants' conduct was reckless. Harrow further argues that the plaintiffs simply state that Harrow operated his vehicle recklessly in violation of General Statutes § 14-222 (a) without stating how the statute was violated.
In opposition, the plaintiffs argue that count two sufficiently alleges a claim of recklessness based on the alleged violations of General Statutes §§ 14-218a, 14-219 and 14-222(a) and that such violations were substantial factors in causing the plaintiffs injuries. Furthermore, the plaintiffs argue that § 14-295 does not require the same degree of specificity required under the common law of recklessness. The plaintiffs further argue that the complaint has stated a valid claim for common law and statutory recklessness.
"The fact that the recklessness count relies on the same factual allegations as the negligence claim does not, in and of itself, provide [the defendants] with the basis for a motion to strike." Ouellette v.Hartford Insurance Co., Superior Court, judicial district of New Britain at New Britain, Docket No. 496991 (April 12, 2000, Kockay, J.). While the courts require distinct pleading for each cause of action, it has been recognized that "the most basic underlying facts will be the same throughout each count [of negligence and recklessness] since both counts CT Page 15779 are founded upon the same fundamental set of facts." Aekins-Islam v.White Plains Bus Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 154275 (September 22, 1998,D'Andrea, J.). "[I]f the alleged facts constitute reckless . . . using the same facts in the negligence count does not prevent them from also being reckless." Walters v. Turrisi, Superior Court, Judicial district of New London at New London, Docket No. 541162 (April 15, 1997, Hurley,J.). "The mere fact that the allegations and factual assertions in a reckless count are the same or similar to one in a negligence count shouldn't ipso facto mean the reckless count cannot be brought. The test is whether the facts alleged establish a reckless count. If they do all it would mean is that the plaintiff is pleading in the alternative."Cancisco v. City of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519929 (June 27, 1995,Corradino, J.).
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988). Reckless conduct is highly unreasonable conduct, involving an extreme departure from ordinary care, where a high degree of danger is apparent. Dubay v.Irish, supra, 207 Conn. 533.
The appellate courts have not indicated what facts a plaintiff must plead in order to establish a cause of action pursuant to General Statutes § 14-295, and there is a split of authority in the Superior Court on this issue. The first line of Superior Court cases requires a plaintiff to plead specific facts to support a claim of recklessness at common law in addition to alleging a violation of one of the enumerated statutes in § 14-295. See, e.g., Pitka v. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 16, 1994, Austin, J.) (13 Conn. L. Rptr. 32) (simple allegation that defendant deliberately or recklessly violated certain motor vehicle statutes is insufficient to support claim under § 14-295); Lezottev. Hanover Ins. Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.) (8 Conn. L. Rptr. 199, 200) (same); Gaudet v. Ziobran, Superior CT Page 15780 Court, judicial district of Middlesex at Middletown, Docket No. 061126 (June 10, 1992, Austin, J.) (same).
The second line of cases holds that a plaintiff must only allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295 and that this violation was a substantial factor in causing the plaintiffs injuries. See, e.g., Nelson-Hlebogiaxmisv. Lee, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 167571 (May 17, 1999, Hiller, J.); Price v. PaccarLeasing Corp., Superior Court, judicial district of New London at New London, Docket No. 538888 (February 19, 1997, Booth, J.); St. George v.Connecticut Car Rental Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554923 (February 27, 1996,Spada, J.).
In the second count, the plaintiffs allege that the defendant: operated the vehicle at an unreasonable rate of speed; failed to keep the vehicle in proper or reasonable control; failed to keep a proper and reasonable lookout for other motor vehicles; failed to apply the brakes in a timely fashion; failed to turn the motor vehicle to the left or to the right so as to avoid a collision; violated General Statutes §§ 14-218a and14-219; failed to sound horns or give any warning whatsoever; violated General 14-222 (a) by failing to control his vehicle when this failure made it highly improbable that the defendant could have avoided the accident, thereby creating an unreasonable risk of injury to the plaintiff and the public at large; acted inattentive to the motor vehicle in front of him; operated his vehicle when it was not equipped with brakes capable of bringing it to a controlled stop, in violation of General Statutes § 14-80; and followed too closely behind the plaintiffs vehicle and hence could not stop the vehicle in time to avoid the collision, in violation of General Statutes § 14-240. Furthermore, the plaintiffs allege that Harrow's heedless and reckless disregard for the plaintiff was a substantial factor in causing the plaintiffs' injuries.
When construed in the manner most favorable to the plaintiffs, this court finds that the plaintiffs have alleged facts sufficient to state a cause of action for recklessness, separate and distinct from the plaintiffs' negligence claim. Should such allegations be proven, a finder of fact could reasonably and legally conclude that Harrow's conduct was highly unreasonable, involving an extreme departure from ordinary care, where a high degree of danger was apparent. Moreover, by alleging that Harrow's acts, alleged in count one as negligence, were reckless in count two, the plaintiff has increased her burden of proof. Jennings v. Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 174082 (November 20, 2000, D'Andrea, J.) (29 Conn. L. Rptr. 87). CT Page 15781 Accordingly, the plaintiffs have plead an alternative cause of action sounding in recklessness, separate and distinct from the negligence count.
Additionally, this court finds that the plaintiffs' allegations sufficiently set forth a claim for double or treble damages under §14-295, even under the line of cases requiring the plaintiff to plead specifically facts demonstrating reckless conduct on the part of the defendants. See Castillo v. Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996 Ballen, J.) (allegation that defendant deliberately or with reckless disregard operated vehicle "at an unreasonable, improper and excessive rate of speed" in violation of statute enumerated in § 14-295 was sufficient to state "a cause of action under § 14-295 even under the superior court cases demanding greater specificity in pleading."); see alsoJennings v. Vega, supra 29 Conn. L. Rptr. 87; Belon v. Bria, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150216 (March 7, 1997, D'Andrea, J.); Mascia v. Brewer, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149293 (January 6, 1997, D'Andrea, J.). Accordingly, the plaintiffs have set forth a cause of action for recklessness that is within the purview of General Statutes § 14-295.
In summary, the motion to strike the second count of the plaintiffs' complaint is denied.
So Ordered.
D'ANDREA, J.T.R.