******************************************************

The "officially released" date that appears near the
beginning of an opinion is the date the opinion will be
published in the Connecticut Law Journal or the date it
is released as a slip opinion. The operative date for the
beginning of all time periods for the filing of postopin-
ion motions and petitions for certification is the "offi-
cially released" date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecti-
cut Law Journal and subsequently in the Connecticut
Reports or Connecticut Appellate Reports. In the event
of discrepancies between the advance release version of
an opinion and the version appearing in the Connecti-
cut Law Journal and subsequently in the Connecticut
Reports or Connecticut Appellate Reports, the latest
version is to be considered authoritative.

The syllabus and procedural history accompanying
an opinion that appear in the Connecticut Law Jour-
nal and subsequently in the Connecticut Reports or
Connecticut Appellate Reports are copyrighted by the
Secretary of the State, State of Connecticut, and may
not be reproduced or distributed without the express
written permission of the Commission on Official Legal
Publications, Judicial Branch, State of Connecticut.

******************************************************

# CENTRIX MANAGEMENT CO., LLC *v.*
# DONALD W. FOSBERG
## (SC 20927)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker, Alexander and Dannehy, Js.

*Syllabus*

Pursuant to statute (§ 42-150bb), when a consumer contract or lease includes
a unilateral attorney's fees provision benefiting the commercial party,
a prevailing consumer is entitled to an award of attorney's fees, the size
of which "shall be based as far as practicable upon the terms governing
the size of the fee for the commercial party."

The plaintiff landlord brought this summary process action, seeking to gain
possession of an apartment occupied by the defendant tenant. After the
trial court rendered judgment for the defendant, the defendant filed a
motion for attorney's fees pursuant to § 42-150bb, relying on the unilat-
eral provision in the party's lease agreement providing that, if the plaintiff
prevailed in an action on the lease agreement, the defendant would be
responsible for reasonable attorney's fees up to $750. The trial court
granted the defendant's motion and awarded him $3500 in attorney's
fees. In doing so, the court relied on the equitable purpose of § 42-150bb,
that is, to achieve parity between the parties, and reasoned that limiting
the defendant's recovery to the maximum amount allowed by the lease
agreement would not result in true parity between the parties. On appeal,
the plaintiff challenged the trial court's award of attorney's fees, claiming
that, under § 42-150bb, the court had the discretion to award the defen-
dant only up to $750, which was the maximum amount of attorney's
fees that the plaintiff could have recovered pursuant to the terms of
the lease agreement.

*Held* that, although trial courts, pursuant to § 42-150bb, have discretion to
award a prevailing consumer reasonable attorney's fees in excess of
the maximum amount that a prevailing commercial party could recover
under the terms of the consumer contract or lease when the court
determines that it is not practicable to base the award of attorney's fees
on those contractual or lease terms, in the present case, the trial court
did not make that threshold determination, and, accordingly, this court
vacated the award of attorney's fees and remanded the case for a new
hearing on the defendant's motion for attorney's fees:

This court's examination of the phrase "based . . . upon," as used in
§ 42-150bb, led it to conclude that, when a contract or lease caps a
commercial party's recovery of attorney's fees at a specific dollar amount,
the trial court's discretion to award a prevailing consumer attorney's

fees pursuant to § 42-150bb is subject to the same limit, as long as applying that limit is practicable.

This court also determined that the term "practicable," as used in § 42-150bb, had to be construed with reference to the statute's equitable purpose, and both the statutory language and this court's prior decisions supported the conclusion that the term "practicable" means feasible under the circumstances, which are circumstances that achieve equity or fairness.

Accordingly, when a unilateral attorney's fees provision that triggers the application of § 42-150bb caps a commercial party's recovery of attorney's fees at a specific dollar amount, the court must base a prevailing consumer's award of attorney's fees on the terms governing the amount of the commercial party's fee, unless the consumer demonstrates that doing so would be impracticable under the circumstances, specifically, that such an award would not achieve the equitable purpose of 42-150bb.

In cases in which the consumer demonstrates impracticability, the court should exercise its discretion, consistently with established law, to award the prevailing consumer reasonable attorney's fees.

In making the threshold practicability determination, a court should consider all relevant circumstances, including the complexity and length of the litigation, the size of the cap and its proportion in relation to the prevailing consumer's reasonable attorney's fees, and the commercial party's fee arrangement.

Although the trial court relied on the equitable purpose of § 42-150bb in awarding the defendant reasonable attorney's fees, it did not consider whether it was practicable to base the award of attorney's fees on the contractual terms governing the amount of the plaintiff's fees, and, accordingly, this court directed the trial court to do so on remand in accordance with this court's opinion.

Argued February 6—officially released July 18, 2024*

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of New Britain, Housing Session, and tried to the court, *Baio, J.*; judgment for the defendant; thereafter, the court, *Baio, J.*, granted the defendant's motion for attorney's fees, and the plain-

* July 18, 2024, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

tiff appealed; subsequently, Henry C. Winiarski was substituted as the defendant. *Vacated*; *further proceedings*.

*Robert Shluger*, for the appellant (plaintiff).

*Chad Borgman*, law student intern, with whom were *Will Krueger*, law student intern, *Jeffrey Gentes* and, on the brief, *Anika Singh Lemar*, and *Miriam Pierson* and *Erica Henry*, law student interns, for the appellee (substitute defendant).

*Opinion*

DANNEHY, J. When a consumer contract or lease includes a unilateral attorney's fees provision benefiting the commercial party, a consumer who successfully prosecutes or defends an action based on the contract is entitled as a matter of law to attorney's fees, and "the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party." General Statutes § 42-150bb.[1] In this appeal, the plaintiff landlord, Centrix Management Co., LLC, challenges the trial court's award of reasonable attorney's fees in the amount of $3500, following the judgment rendered in favor of the defendant tenant, Donald W. Fosberg.[2] The plaintiff contends that, because doing so would be "practicable" pursuant to § 42-150bb, the court had discretion to award the defendant only up to $750, which was the maximum amount of attorney's fees that the plaintiff could have recovered pursuant to the terms of the lease agreement. The defendant responds that the plaintiff's claim rests on an overly narrow construction

---

[1] Section 42-150bb defines "commercial party" to include lessors and "consumer" to include lessees. Accordingly, for the sake of simplicity, we use the terms "commercial party" and "consumer" to include landlords and tenants, respectively.

[2] During the pendency of this appeal, Henry C. Winiarski, in his capacity as the conservator of the estate and person of Fosberg, was substituted as the defendant. For ease of reference, we refer in this opinion to both Fosberg and Winiarski as the defendant.

of two key statutory terms in § 42-150bb, "based . . . upon" and "practicable." Consistent with the equitable purpose of the statute, the defendant contends, the trial court had discretion to award him reasonable attorney's fees in excess of $750. Although we conclude that trial courts have discretion to award a prevailing consumer reasonable attorney's fees pursuant to § 42-150bb when the court determines that it is not practicable to base the award upon the contractual terms governing the commercial party's recovery, in the present case, the trial court did not make this threshold determination. Accordingly, we vacate the trial court's award of attorney's fees and remand the case with direction to conduct a new hearing on the defendant's motion for attorney's fees consistent with this opinion.

The record reveals the following relevant undisputed facts and procedural background. In September, 2021, the plaintiff served the defendant, who had rented an apartment in a building owned by the plaintiff, with notice to quit possession of the premises, alleging that the defendant had violated his responsibilities pursuant to General Statutes § 47a-11 (c) and (g).[3] The defendant remained in possession of the apartment, and the plaintiff subsequently commenced this summary process action. After a two day bench trial, the court rendered judgment in favor of the defendant, who was represented by a nonprofit group, the Connecticut Veterans Legal Center. The defendant subsequently moved, pursuant to § 42-150bb, to recover attorney's fees in the amount of $6622.15. The defendant relied on language in the lease

---

[3] General Statutes § 47a-11 (c) and (g) provides in relevant part: "A tenant shall . . . (c) remove from his dwelling unit all ashes, garbage, rubbish and other waste in a clean and safe manner to the place provided by the landlord pursuant to subdivision (5) of subsection (a) of section 47a-7 . . . [and] (g) conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises or constitute a nuisance, as defined in section 47a-32, or a serious nuisance, as defined in section 47a-15 . . . ."

agreement providing that, if the plaintiff prevailed in an action on the lease, the defendant would be responsible for "reasonable attorney's fees . . . but only up to a maximum amount of $750, and costs."[4] The defendant claimed that the plaintiff's unilateral right to attorney's fees under the lease triggered the application of § 42-150bb. The plaintiff conceded that the defendant was entitled to attorney's fees pursuant to § 42-150bb but argued that the trial court's discretion was limited to awarding fees in the maximum amount of $750.

Following oral argument on the motion, the court awarded the defendant $3500 in attorney's fees. The trial court grounded its decision to award the defendant attorney's fees in excess of the lease agreement's cap of $750 on the equitable purpose of § 42-150bb, namely, to achieve parity between the parties. The court explained that, although limiting the defendant's recovery to the maximum amount allowed to the plaintiff by § 11 of the lease agreement would render the unilateral provision reciprocal, doing so would not result in "true 'parity' " between the parties, as intended by the legislature. In light of the equitable purpose of the statute, the court concluded that the defendant was entitled to reasonable attorney's fees. The plaintiff appealed from the trial court's decision granting the defendant's motion for attorney's fees to the Appellate Court, and this court transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The question of whether the trial court abused its discretion in awarding the defendant reasonable attor-

---

[4] Section 11 of the lease agreement provides: "Upon violation of any term of this [l]ease, [y]ou are responsible for reasonable attorney's fees, but only up to a maximum amount of $750, and costs incurred by [u]s. If [w]e incur legal fees to defend a suit as to [o]ur obligations under this [l]ease, including security deposit disputes, and if [w]e are the prevailing party, [y]ou will be responsible for payment of legal fees, but only up to a maximum amount of $750, and costs."

ney's fees in the amount of $3500 turns on the construction of two statutory terms in § 42-150bb. First, we must resolve whether, when a contract or lease includes a unilateral attorney's fees provision capping the commercial party's recovery at a specific dollar amount, the trial court is obligated to apply an identical cap on fees to a prevailing consumer's award, because § 42-150bb provides in relevant part that, as far as practicable, the award should be "based . . . upon" the terms governing the size of the attorney's fees of the commercial party. Second, we must determine under what circumstances it would not be "practicable" for the trial court to base a prevailing consumer's award of attorney's fees upon the terms of the contract or lease.

Both issues present questions of statutory construction: the first question turns on the meaning of the phrase "based . . . upon" in § 42-150bb, and the second turns on the meaning of the term "practicable." Accordingly, our review is plenary. See *Wind Colebrook South, LLC* v. *Colebrook*, 344 Conn. 150, 161, 278 A.3d 442 (2022). In construing statutes, we follow the plain meaning rule set forth in General Statutes § 1-2z. Id.

I

We first consider whether, when a contract or lease caps a commercial party's recovery of attorney's fees at a specific dollar amount, the trial court's discretion to award attorney's fees to a prevailing consumer pursuant to § 42-150bb is limited to awarding only up to the maximum amount that the commercial party could recover under the contract or lease.

We begin with the language of the statute. Section 42-150bb provides in relevant part: "Whenever any contract or lease . . . to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who

successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. Except as hereinafter provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party. No attorney's fee shall be awarded to a commercial party who is represented by its salaried employee. In any action in which the consumer is entitled to an attorney's fee under this section and in which the commercial party is represented by its salaried employee, the attorney's fee awarded to the consumer shall be in a reasonable amount regardless of the size of the fee provided in the contract or lease for either party. . . ."[5]

The question of whether the trial court's discretion in awarding attorney's fees to a prevailing consumer is confined to awarding an amount equal to that which the commercial party would be entitled to recover under the contract turns first on the meaning of the phrase "based . . . upon" in § 42-150bb. Because that phrase is not defined in § 42-150bb or in related statutes, we examine its ordinary meaning. See General Statutes § 1-1 (a) ("[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language"). Dictionaries in print around the time that the statute was enacted in 1979; see Public Acts 1979, No. 79-453; define the verb "to base" to mean "to make or form a base or foundation for . . . to put or rest (on) as a base or basis . . . ." Webster's New World College Dictionary

_____

[5] Section 42-150bb is an example of an exception to the American rule, pursuant to which "attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. See *Alyeska Pipeline Service Co.* v. *Wilderness Society*, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975); *Fleischmann Distilling* [*Corp.*] v. *Maier Brewing Co.*, 386 U.S. 714, 717, 87 S. Ct. 1404, 18 L. Ed. 2d 475 (1967)." (Internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 72, 689 A.2d 1097 (1997).

(2d Ed. 1972) p. 116. A "base," in turn, is defined as "the thing or part on which something rests . . . the fundamental or main part . . . the principal or essential ingredient . . . anything from which a start is made"; id.; and "the bottom of something considered as its support: foundation . . . ." Webster's New Collegiate Dictionary (1981) p. 91. Interpreting a different statute, this court recently looked to Black's Law Dictionary to define " 'based on' as '[d]erived from, and therefore similar to . . . .' " *Costanzo* v. *Plainfield*, 344 Conn. 86, 103, 277 A.3d 772 (2022), quoting Black's Law Dictionary (10th Ed. 2014) p. 180. These different meanings of the term "base" all share a core principle: to base something on another thing means to use the base as the foundation. Section 42-150bb provides that the trial court "shall" base a prevailing consumer's award upon the "terms governing the size of the fee for the commercial party," as far as practicable. Accordingly, trial courts are required to look to the contractual terms governing the size of the commercial party's fee to determine the prevailing consumer's award of attorney's fees.[6] When, as in the present case, the contract specifies a maximum dollar amount that the commercial party may recover, the prevailing consumer's recovery is subject to the same limit, as long as applying that limit is practicable.[7]

---

[6] The defendant does not claim that, in awarding him reasonable attorney's fees, the trial court "based" its award "upon" the terms of the lease agreement pursuant to § 42-150bb, and the court's memorandum of decision does not indicate that it did so.

[7] Depending on the contractual terms, "basing" the prevailing consumer's award of attorney's fees "upon" the contractual terms governing the size of the attorney's fees of the commercial party may, as in the present case, where the contract sets a ceiling of a specific dollar amount, yield an equal recovery, or at least an equal maximum recovery. We recognize, however, that different contractual terms will not necessarily entitle a prevailing consumer to an equal *dollar amount*, such as when a contract expressly entitles the commercial party to reasonable attorney's fees. See *Centrix Management Co., LLC* v. *Valencia*, 145 Conn. App. 682, 693, 76 A.3d 694 (2013) (when consumer contract unilaterally entitles commercial party to recover reasonable attorney's fees, prevailing consumer is also entitled to

II

Although the trial court's task in awarding a prevailing consumer attorney's fees pursuant to § 42-150bb begins with the terms governing the size of the fee of the commercial party, it does not necessarily end there. Section 42-150bb provides that, "as far as practicable," the court "shall" base a prevailing consumer's fees upon the terms governing the size of the commercial party's fees. In other words, when it is practicable to base the prevailing consumer's award of attorney's fees upon the contractual terms, § 42-150bb cabins the trial court's discretion by requiring the court to use the contractual terms to determine the consumer's award of attorney's fees. If doing so is not practicable, however, the terms governing the size of the attorney's fees of the commercial party no longer serve as the foundation for the prevailing consumer's fees. We must determine, therefore, the meaning of the term "practicable," as it is used in § 42-150bb.

Like the phrase "based . . . upon," the term "practicable" is not defined in § 42-150bb. Contemporary to the passage of that statute, dictionaries generally defined the term "practicable" to mean "feasible" or "possible." See, e.g., Webster's New Collegiate Dictionary, supra, p. 895 ("possible to practice or perform: feasible"); Webster's New World College Dictionary, supra, p. 1117 ("that can be done or put into practice; feasible"). Legal dictionaries recognize that the term also may mean "feasible under the circumstances." See, e.g., Black's Law Dictionary (5th Ed. 1979) p. 1055 (citing, as one meaning of "[p]racticable," "feasible in the circumstances").

The plaintiff, which advocates that any award greater than nothing would be practicable, essentially argues

reasonable attorney's fees pursuant to § 42-150bb). Under those circumstances, the award of a prevailing consumer will naturally depend on, among other things, the extent and complexity of the litigation.

that, as long as an award is "possible," it is practicable. Construing the term "practicable" in § 42-150bb to mean "possible," however, would render that term meaningless.[8] Specifically, if "practicable" means "possible," there is no meaningful distinction between a requirement that an award be based upon the terms governing the size of the fee for the commercial party and a requirement that an award be based upon the size of the fee for the commercial party "as far as practicable . . . ." General Statutes § 42-150bb. An award of *any* amount, no matter how small, is practicable in the sense that it is possible.[9] If we were to construe the term

[8] Indeed, some courts have questioned the aptness of equating practicability with possibility, noting that impossibility presents a significantly greater hurdle than impracticability. See, e.g., *Outfitter Properties, LLC* v. *Wildlife Conservation Board*, 207 Cal. App. 4th 237, 247, 143 Cal. Rptr. 3d 312 (2012) ("[s]ome courts have said that 'practicable' in a government context means that an entity is vested with discretion to consider the 'advisability' of an action, and have explained that 'practicable' does not mean 'possible' "); *James H. Q. Davis Trust* v. *JHD Properties, LLC*, Docket No. 22 CVS 8617, 2022 WL 17573944, *5 (N.C. Super. December 9, 2022) (In interpreting statute providing that limited liability company may be dissolved if it is not practicable to conduct business in conformance with operating agreement, court concluded that " 'practicable' is synonymous with 'feasible' and does not mean simply 'possible.' Indeed, the [c]ourt notes that something may be possible yet not *feasible* without extra time or resources in a particular circumstance. Following this same logic, the [c]ourt also concludes that 'not practicable' is likewise synonymous with 'unfeasible' and does not mean 'impossible.' " (Emphasis in original.)).

[9] We find unpersuasive the plaintiff's reliance on dictum in this court's decision in *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 78 n.19, 689 A.2d 1097 (1997) (*Rizzo Pool*). As we explain herein, in that case, the issue presented was whether the phrase "the terms governing the size of the fee for the commercial party" in § 42-150bb implicitly referenced General Statutes § 42-150aa (b). *Rizzo Pool Co.* v. *Del Grosso*, supra, 73, 76. In a footnote, we observed that, "in some instances, the parties' contract may provide for attorney's fees based upon 15 percent of the recovery. In these circumstances, should the consumer prevail in defending an action brought by the commercial party, the consumer would receive pursuant to the contractual terms 15 percent of nothing—which would, of course, be nothing. Accordingly, an award of attorney's fees based upon the terms of the contract would not be practicable." Id., 78 n.19.

The plaintiff seizes on this dictum to argue that only an award that renders § 42-150bb absurd, in particular, an award of zero dollars, would be impracti-

"practicable" to mean possible, therefore, in every instance the trial court would be required to base a prevailing consumer's award of attorney's fees upon the contractual terms governing the size of the attorney's fees for the commercial party. Under that construction, the term "practicable" would be rendered superfluous. See, e.g., *American Promotional Events, Inc.* v. *Blumenthal*, 285 Conn. 192, 203, 937 A.2d 1184 (2008) ("[i]nterpreting a statute to render some of its language superfluous violates cardinal principles of statutory interpretation").

The language of § 42-150bb offers some insight into the nature of the circumstances that serve as the limiting principle for the meaning of the term "practicable." The statute identifies one instance in which the trial court will have no discretion to look to the contractual terms in determining the amount of a prevailing consumer's award of attorney's fees, namely, when the commercial party is represented by a salaried employee. Section 42-150bb dictates two consequences that flow from these circumstances. First, the statute provides in relevant part that "[n]o attorney's fee shall be awarded to a commercial party who is represented by its salaried employee . . . ." General Statutes § 42-150bb. This bar to recovery indicates that the legislature did not intend that litigation costs should always be irrelevant for purposes of applying § 42-150bb. Implicit in the bar is that it would be inequitable to allow a commercial party to recover attorney's fees when the commercial party incurred no additional costs in bring-

cable. As we noted previously in this opinion, the quoted language in footnote 19 of *Rizzo Pool* is dictum. The court in *Rizzo Pool* did not have before it the question of the meaning of the term "practicable." Moreover, even if we agreed with the plaintiff that the language is not dictum, nothing in footnote 19 of *Rizzo Pool* suggests that the example used by this court was intended to define every instance in which it would be impracticable to base a prevailing consumer's award upon the contractual terms.

ing the action.[10] This language, therefore, suggests that the concept of fairness is embedded in § 42-150bb.

Second, if a consumer contract includes a unilateral attorney's fees clause in favor of a commercial party represented by its salaried employee—a clause that is rendered invalid by § 42-150bb—a prevailing consumer is entitled to attorney's fees "in a reasonable amount regardless of the size of the fee provided in the contract or lease for either party." General Statutes § 42-150bb. In the present case, for example, if the plaintiff had been represented by a salaried employee, in determining the defendant's award of attorney's fees, the trial court would have lacked discretion to rely on the contractual terms limiting the plaintiff's recovery of attorney's fees to a maximum of $750, and, instead, the defendant would have been entitled to recover reasonable fees without reference to the contractual cap of $750. Accordingly, the statute suggests that, when it would be unfair to base a prevailing consumer's award upon the contractual terms, the consumer is entitled to reasonable attorney's fees. We therefore conclude that, as used in § 42-150bb, "practicable" means "feasible under the circumstances," which are circumstances that achieve equity or fairness.[11]

---

[10] Our interpretation, that the bar to recovery when a commercial party is represented by a salaried employee is grounded in principles of fairness, finds support in the legislative history of § 42-150bb. See Conn. Joint Standing Committee Hearings, Judiciary, Pt. 3, 1979 Sess., p. 802, testimony of Attorney Raphael Podolsky of Connecticut Legal Services' Legislative Office (Podolsky explained that there "seems to be a consensus . . . that, where you use an in-house employee, you should not be claiming attorney's fees at all. For example, the Retail Installment Sales Financing Act [General Statutes § 36a-770 et seq.], which has a 15 percent limit [on attorney's fees] specifically says that, to get the 15 percent, you have to farm it out to someone who is not a salaried employee. In other words, you have to have extra incurred cost[s], not merely using one of your regular salaried people to bring the lawsuit.").

[11] We emphasize that, notwithstanding dictum in *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 76–77 n.18, 689 A.2d 1097 (1997) (*Rizzo Pool*) to the contrary, we do not read the term "practicable" in § 42-150bb to mean "reasonable." Specifically, in *Rizzo Pool*, we stated in dictum that " 'reason-

Our prior decisions interpreting § 42-150bb, which consistently have looked to its equitable purpose in interpreting the statute, provide support that the meaning of the term "practicable" must be understood in light of that purpose. In *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 689 A.2d 1097 (1997) (*Rizzo Pool*), this court rejected the claim that the phrase "the terms governing the size of the fee for the commercial party" in § 42-150bb implicitly referenced General Statutes § 42-150aa (b), which limits the attorney's fees of a "holder of a contract or lease" who is subject to § 42-150aa to "fifteen per cent of the amount of any judgment which is entered."[12] *Rizzo Pool Co.* v. *Del Grosso*, supra, 73. Although our review of the plain language of § 42-150bb persuaded us that the 15 percent limit did not apply, we also looked to the legislative history of § 42-150bb, which clarified that the statutory phrase "the terms governing the size of the fee for the commercial party" referred to the phrase "the contract or lease" in § 42-150bb, not to the language of § 42-150aa.[13] *Rizzo Pool*

able' will be the operative term controlling attorney's fees generated in connection with the defense to [a commercial party's] action." Id. As we explained previously in this opinion; see footnote 9 of this opinion; in *Rizzo Pool*, this court did not have before it the question of the meaning of the term "practicable," as used in § 42-150bb. In an action based on a contract that includes a unilateral provision capping the commercial party's recovery of attorney's fees at a specific dollar amount, a prevailing consumer is entitled to recover reasonable fees pursuant to § 42-150bb only upon a showing that awarding the consumer attorney's fees based upon the contractual terms governing the commercial party's recovery would be impracticable in light of the equitable purpose of the statute.

[12] General Statutes § 42-150aa (b) provides: "If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract or lease subject to the provisions of this section, such holder may receive or collect attorney's fees, if not otherwise prohibited by law, of not more than fifteen per cent of the amount of any judgment which is entered."

[13] We recognize that *Rizzo Pool* was decided prior to the enactment of § 1-2z and that this court looked to the legislative history and purpose of § 42-150bb, notwithstanding our conclusion that the language was plain and unambiguous. We are not, however, barred from relying on this court's construction of § 42-150bb in that decision, which remains good law and

*Co.* v. *Del Grosso*, supra, 74. In arriving at that conclusion, we relied heavily on the purpose of § 42-150bb, which is to convert unilateral attorney's fees clauses benefiting commercial parties to reciprocal clauses that also benefit consumers. Id., 74–75. In support of our statutory interpretation, we specifically cited the remarks of Representative Richard D. Tulisano, who explained: "[T]he legislation before us today provides [for] the first time the ability for consumers in this state to obtain attorney's fees, of [a] reasonable amount, as a result of defending or prosecuting any action in which the commercial party has provided for attorney's fees for their own behalf. What this does is give some equity to the situation. At the present time, many form contracts include attorney's fees provisions for the commercial party, and even though . . . that party may be wrong and a consumer successfully defends an action against him, or her, they would not be entitled to receive attorney's fees in defending that action. This will put some equity in the situation to the same extent that any commercial party will receive. [22 H.R. Proc., Pt. 22, 1979 Sess.], pp. 7487, 7489–90." (Internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, supra, 75–76.

This court and the Appellate Court have subsequently relied on the equitable purpose of § 42-150bb in construing the statute broadly for the benefit of consumers. This court, for instance, has relied on the statute's equitable purpose in holding that a decedent's daughter could be considered a "personal representative" for purposes of § 42-150bb, notwithstanding the fact that she was not a legal representative of the decedent, who was a party to the contract at issue in the case. *Aaron*

has precedential authority unless it is overturned. See, e.g., *Hummel* v. *Marten Transport, Ltd.*, 282 Conn. 477, 498–99, 923 A.2d 657 (2007) (rejecting proposition that § 1-2z overruled prior decisions construing statutes in manner inconsistent with requirements of § 1-2z).

*Manor, Inc.* v. *Irving*, 307 Conn. 608, 611, 617, 57 A.3d 342 (2013). In so concluding, we cited to the equitable purpose of the statute, reasoning that "[i]t would be wholly incongruous with this design to conclude that the plaintiff would be entitled to fees for successfully prosecuting the present action but that the defendant would not be entitled to fees for mounting a successful defense." Id., 618. Then, in *Connecticut Housing Finance Authority* v. *Alfaro*, 328 Conn. 134, 176 A.3d 1146 (2018), this court declined to construe § 42-150bb narrowly to require a consumer, in order to be entitled to attorney's fees, to prevail on the merits. Id., 147–48. This court reasoned that such a narrow construction would be inconsistent with the remedial purpose of the statute. Id. Instead, this court held that, when a commercial plaintiff withdraws an action as a matter of right, for purposes of determining whether the consumer is entitled to attorney's fees pursuant to § 42-150bb, the commercial party bears the burden of proving that "the withdrawal was unrelated to the defense mounted by the consumer." Id., 148. Similarly, in *Meadowbrook Center, Inc.* v. *Buchman*, 169 Conn. App. 527, 151 A.3d 404 (2016), aff'd, 328 Conn. 586, 181 A.3d 550 (2018), the Appellate Court relied on the equitable purpose of § 42-150bb to hold that trial courts have discretion to excuse late filings that do not comply with the timing provision set forth in Practice Book § 11-21. Id., 532–33 n.4, 538.

In light of the significance that this court and the Appellate Court have given to the equitable purpose of § 42-150bb in construing the statute, we conclude that the term "practicable," like other statutory terms in § 42-150bb, must be understood with reference to that purpose. The statute was intended to rectify, at least in this one aspect, the inequities resulting from the unequal bargaining power between the parties to consumer contracts. "It is common knowledge that parties with superior bargaining power, especially in 'adhesion'

type contracts, customarily include [attorney's] fee[s] clauses for their own benefit. This places the other contracting party at a distinct disadvantage. Should he lose in litigation, he must pay legal expenses of both sides and even if he wins, he must bear his own attorney's fees. One-sided attorney's fees clauses can thus be used as instruments of oppression to force settlements of dubious or unmeritorious claims." *Coast Bank* v. *Holmes*, 19 Cal. App. 3d 581, 596–97, 97 Cal. Rptr. 30 (1971).

Accordingly, in cases such as the present one, where the unilateral attorney's fees provision that triggers the application of § 42-150bb caps the commercial party's recovery of attorney's fees at a specific dollar amount, the court shall base a prevailing consumer's award of attorney's fees upon the terms governing the size of the commercial party's fee, unless the consumer demonstrates that doing so would be impracticable under the circumstances, that is, that doing so would not achieve the equitable purpose of § 42-150bb.[14] In making this threshold determination, the trial court should consider all relevant circumstances, including, but not limited to, the complexity and length of the litigation, the size of the cap and its proportion in relation to the prevailing consumer's reasonable attorney's fees, and the commercial party's fee arrangement.[15]

---

[14] Placing the burden on the prevailing consumer to show that basing his attorney's fees award upon the contractual terms governing the commercial party's recovery of fees is consistent with our case law requiring the party seeking attorney's fees to show that the requested amount is reasonable. See, e.g., *Commission on Human Rights & Opportunities* v. *Sullivan*, 285 Conn. 208, 238, 939 A.2d 541 (2008) ("[t]he burden of showing reasonableness rests on the party requesting the fees, and there is an undisputed requirement that the reasonableness of attorney's fees and costs must be proven by an appropriate evidentiary showing" (internal quotation marks omitted)).

[15] Before this court, the defendant asserts that, in summary process actions, the average amount of attorney's fees incurred by prevailing tenants is higher than that incurred by prevailing landlords. The defendant contends that landlords frequently obtain default judgments, which involve a minimal expenditure of time and resources, and which allow attorneys to represent

If the trial court concludes that basing the prevailing consumer's award of attorney's fees upon the terms governing the size of the commercial party's recovery would be inconsistent with the equitable purpose of § 42-150bb, the court should exercise its discretion to award the prevailing consumer reasonable attorney's fees consistent with this court's decision in *Smith* v. *Snyder*, 267 Conn. 456, 477, 839 A.2d 589 (2004). Id., 477 ("to support an award of attorney's fees, there must be a clearly stated and described factual predicate for the fees sought, apart from the trial court's general knowledge"). Setting reasonable fees as the alternative, when it is not practicable to base the prevailing consumer's award upon the contractual terms, is consistent both with § 42-150bb, which entitles a prevailing consumer to reasonable attorney's fees when the commercial party is represented by a salaried employee, and also with the general rule that, when a prevailing party is entitled to attorney's fees, those fees must be reasonable. See, e.g., General Statutes § 10-153m (authorizing award of reasonable attorney's fees, under specified circumstances, "[i]n any action brought pursuant to section 52-418 to vacate an arbitration award rendered in a controversy between a board of education and a teacher or the organization which is the exclusive representative of a group of teachers, or to confirm, pursuant to section 52-417, such an arbitration award"); General Statutes § 35-54 (in action brought pursuant to Connecticut Uniform Trade Secrets Act, General Statutes § 35-50 et seq., authorizing award of reasonable attorney's fees to prevailing party "[i]f a claim of misappropriation is made in bad faith or a motion to terminate

landlords in a high volume of cases, while charging a flat rate. The defendant does not claim, however, that the plaintiff was charged a flat rate in the present case, and the defendant did not present any evidence to that effect before the trial court. This court is not a fact-finding body. See, e.g., *State* v. *Lawrence*, 282 Conn. 141, 156–57, 920 A.2d 236 (2007) (appellate tribunal's function is to review proceedings before trial court, not to find or retry facts).

an injunction is made or resisted in bad faith"); General Statutes § 42-180 (authorizing reasonable attorney's fees, under specified circumstances, in consumer actions against motor vehicle manufacturers); *Lederle* v. *Spivey*, 332 Conn. 837, 844, 213 A.3d 481 (2019) (courts have "inherent authority" to award reasonable attorney's fees when losing party has acted in bad faith (internal quotation marks omitted)).

In the present case, although the trial court relied on the equitable purpose of § 42-150bb in awarding the defendant reasonable attorney's fees, the court did not first consider whether it was practicable to base the defendant's award of attorney's fees upon the contractual terms governing the size of the plaintiff's fees. Accordingly, we direct the trial court to hold a hearing on remand to determine whether it is practicable, that is, consistent with the equitable purpose of § 42-150bb, to award the defendant attorney's fees in an amount based upon the terms in the lease agreement governing the plaintiff's recovery of attorney's fees. If the trial court determines that it is not practicable to do so, the court should award the defendant reasonable attorney's fees, consistent with this court's decision in *Smith* v. *Snyder*, supra, 267 Conn. 477.

The award of attorney's fees is vacated and the case is remanded with direction to conduct a new hearing on the defendant's motion for attorney's fees in accordance with this opinion.

In this opinion the other justices concurred.